UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| **MARY COSTELLO** : | |
| 3619 Frankford Avenue | CIVIL NO. 22-CV- ____ |
| Philadelphia PA 19134    AND | |
| : | **JURY TRIAL DEMANDED** |
| **GERALD COSTELLO** | |
| 3619 Frankford Avenue | |
| Philadelphia PA 19134,    Plaintiffs,    : | |
| , | |
| vs.                                    : | |
| **SPARTAN CHEMICAL COMPANY, INC**. | |
| 1110 Spartan Drive                     : | |
| Maumee OH 43537           AND | |
| **JOHN DOE 1 – DISTRIBUTOR**           : | |
| Address Unknown | |
| Address Unknown         AND | |
| : | |
| **JOHN DOE 2 – SELLER** | |
| Address Unknown | |
| Address Unknown,                       : | |
|                    Defendants. | |

_____

## CIVIL COMPLAINT

A. **JURISDICTION AND VENUE**

1. Jurisdiction is based upon diversity of citizenship, to wit, 28 U.S.C. Sec. 1332, and the amount in controversy exceeds $75,000.

2. Venue is proper under the applicable Federal Rules of Civil Procedure 28 U.S.C. 1391 (b)(2) as the events giving rise to this action occurred in this District.

B. **THE PARTIES**

3. Plaintiff MARY COSTELLO ("MS. COSTELLO") is a private adult individual who is a citizen of the Commonwealth of Pennsylvania, County of Philadelphia, residing at the above address.

4. Plaintiff GERALD COSTELLO ("MR. COSTELLO") is a private adult individual who is a citizen of the Commonwealth of Pennsylvania, County of Philadelphia, residing at the above address; co-plaintiff MR. COSTELLO is the husband of plaintiff MS. COSTELLO.

5. Defendant SPARTAN CHEMICAL COMPANY, INC. ("SPARTAN") is a domestic corporation in the business of manufacturing "Endurastrip" floor stripper, with the purpose of offering for sale "cleaning products" and which company also, "proactively provide{s] services, chemicals, and system solutions in a cost effective manner" [as touted on SPARTAN's website home page]; defendant SPARTAN is incorporated in the State of Ohio; defendant SPARTAN creates, designs, packages, and sells Endurastrip and various other cleaning products and chemicals for public consumption.

6. Defendant JOHN DOE DISTRIBUTOR ("JD DISTRIBUTOR") is an entity of unknown origin, whose identity is currently unknown to plaintiffs at the time of this filing, but whose identity shall be made known hereafter; defendant JD DISTRIBUTOR distributed the subject Endurastrip product giving rise to this action.

7. Defendant JOHN DOE SELLER ("JD SELLER") is an entity of unknown origin, whose identity is currently unknown to plaintiffs at the

time of the filing of this action but whose identity shall be made known to the plaintiffs and to this Court during discovery; defendant JD SELLER was the seller of the subject product giving rise to this action.

8. At all times material hereto, all defendants acted in their own respective capacities, and/or through the actions and/or omissions of their agents, employees, servants, representatives and the like, who were acting within their course of employment and scope of duties; accordingly, doctrine of respondeat superior.

**THE FACTS**

9. On June 30, 2020, plaintiff MS. COSTELLO was dutifully and carefully performing her work-related duties as a custodial assistant for the School District of Philadelphia, employed at the time at the John H. Webster School situated at 3400 Frankford Avenue, Philadelphia PA 10134.

10. On the above date, plaintiff was given the task of applying "stripper" to the floor located within the various rooms at said school.

11. While plaintiff was in the process of carefully, dutifully, and properly performing her job duties of stripping the floors, she was overcome and rendered unconscious by inhaling noxious chemicals caused by defendant SPARTAN's Endurastrip floor stripper product, causing MS. COSETLLO to falldown and strike her head on the hard floor, causing various injuries and damages to MS. COSTELLO set forth more fully hereafter.

12. The subject Endurastrip floor stripper was designed, created, manufactured, packaged and sold by defendant SPARTAN; a true and correct photograph of a package of the subject Endurastrip floor stripper

3

part of the batch of Endurastrip used by plaintiff MS. COSTELLO on the date of the subject occurrence is attached hereto as Exhibit and incorporated by reference as though fully set forth herein and made a part hereof.

13. At all times material hereto, MS. COSTELLO was unaware of the dangerous condition of defendants' ENDURASTRIP stripper product and its propensity to cause her to lose consciousness and fall.

14. As a direct and proximate result of the defendants' actions, MS.COSTELLO sustained extensive and severe personal injuries, inclusive but not limited to: Traumatic Brain Injury (including concussion, dizziness, imbalance, cognitive loss, *inter alia*), right facial pain, right shoulder and arm pain, neck stiffness and left knee pain; which Traumatic Brain Injury is permanent in nature.

15. As a result of these injuries, MS. COSTELLO has sustained the following damages:

  (a) She has suffered and will suffer serious, severe and permanent injuries to her body;

  (b) She has suffered and will suffer great pain, suffering inconvenience, humiliation, embarrassment and mental anguish and the loss of the ordinary pleasures of life, including family life;

  (c) She has been and will be required to expend sums of money for medical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services;

  (d) Her general health, strength and vitality have been impaired and will be impaired in the future; and

  (e) Loss of income and impairment of future earning capacity.

## COUNT I

## **STRICT LIABILITY**

## **MARY COSTELLO v. ALL DEFENDANTS**

16. Plaintiffs incorporate by reference, paragraphs 1 through 15, as though fully set forth at length.

17. The subject Endurastrip product was designed, manufactured, constructed, assembled, inspected, specified or recommended, packaged, certified, marketed, offered, sold, or otherwise supplied, as heretofore set forth, by defendants, in a manner which was not in a good and proper working fashion, defective, lacking adequate warnings, lacking elements necessary to make it safe for use and containing elements and conditions that made it unsafe for use to the ultimate users, consumers and bystanders, including MS. COSTELLO.

18. The subject Endurastrip product was expected to and did reach the ultimate users, consumers and bystanders, including MS. COSTELLO, without substantial change or alteration and in the same or substantially the same condition as when it left the possession and control of defendants.

19. The injuries, losses and damages sustained by MS. COSTELLO as aforesaid, were the direct and proximate result of defendants' designing, packaging, certifying, marketing, offering, selling or otherwise supplying the Endurastrip product and its ingredients, in a defective condition unreasonably dangerous to the users or consumers and susceptible to, including MS. COSTELLO and in a manner which was not a good a proper working fashion, lacking warnings, and other elements

necessary to make it safe for use and containing conditions that made it unsafe for use by the ultimate users and consumers and misrepresentations by defendants of material facts concerning the character or quality of the subject Endurastrip product, its ingredients and related components and the defendants' safety inspections, specifications, recommendations and certifications thereof, and therefore, defendants are strictly liable in tort to MS. COSTELLO under the laws encompassed in Sections 388, 402A, and 402B, and other applicable sections of the Restatement of Torts, (Second) and other applicable Pennsylvania law.

20.  Under applicable law, JD DISTRIBUTOR and JD SELLER are jointly and severally liable to plaintiff MS. COSTELL as the distributor and seller, respectively, of the subject Endurastrip product used by MS. COSTELLO.

WHEREFORE, on Count I, Plaintiff MARY COSTELLO seeks damages against all defendants, jointly and severally, for an amount in excess of Seventy-Five Dollars ($75,000), plus costs, prejudgment interest, and such other relief as this Court may deem proper.

## COUNT II

## **NEGLIGENCE**

## **MARY COSTELLO vs. ALL DEFENDANTS**

21.    Plaintiffs incorporate by reference paragraphs 1 through 20 as though fully set forth at length and made a part hereof.

22.    The injuries, losses and damages sustained by plaintiff MS. COSTELLO were the direct and proximate result of the negligence and carelessness of defendants in the following particulars:

(a) In placing into the stream of commerce the subject Endurastrip product which was in a defective condition;

(b) In failing to properly design the subject Endurastrip product;

(c) In failing to properly manufacture, create, distribute, and sell the subject Endurastrip product;

(d) In failing to include such design features, devices, techniques, and/or other manufacturing features that would have prevented the incident, including, but not limited to, adequate warnings, less dangerous chemicals and ingredients that become more dangerous when used in such a manner as plaintiff's use of the Endurastrip product, which manner of use defendants had constructive and actual knowledge thereof;

(e) In failing to follow and in violating applicable laws, safety codes and regulations, governmental or industry standards applicable to said products;

(f) In failing to discover the defective nature of the subject product or its ingredients;

(g) In failing to properly inspect and test the subject product and its ingredients;

(h) In failing to warn the users of the subject product of the defective condition of the product and its ingredients;

(i) In failing to affix appropriate warnings/instructions on the subject product and taking reasonable steps to properly transmit such warnings/instructions in a proper manner to the end users such as plaintiff MS. COSTELLO;

(j) In manufacturing, distributing, and selling, and/or otherwise supplying the subject Endurastrip with latent defects;

(k) In failing to design, develop, manufacture, create, inspect, specify or recommend, certify, service, rent, lease, sell, or otherwise supply the Endurastrip product4 in a good and working fashion; and

(l) In selling the product, which was in a defective condition.

7

WHEREFORE, on Count II, plaintiff MARY COSTELLO seeks damages against all defendants, jointly and severally, for an amount in excess of Seventy-Five Dollars ($75,000), plus costs, prejudgment interest, and such other relief as this Court may deem proper..

## COUNT III

## BREACH OF WARRANTY

## MARY COSTELLO vs. ALL DEFENDANTS

23. Plaintiff MS. COSTELLO incorporates by reference Paragraphs 1 through 22 as though fully set forth at length and made a part hereof.

24. Defendants represented and warranted to the ultimate users and consumers of the subject Endurastrip and its ingredients and related components, that same was new and fit for the purposes for which it was intended at the time it was sold and placed into the stream of commerce.

25. In addition to the aforesaid warranty of fitness for a particular purpose, defendants warranted that the subject machine and its ingredients and related component was new and merchantable and fit for its intended use.

26. In truth and in fact, said representations and warranties were false.

27. The injuries, losses and damages sustained by Plaintiff MS. COSTELLO were the direct and proximate result of defendants' improper design, manufacture, creation, assembly, packaging, inspection, specification or recommendation, remedial measures, certification, service, sale, or supply of the subject Endurastrip product,, and in breach by defendants of express and implied warranties that same would be properly designed, manufactured, constructed,

assembled, packaged, inspected, specified or recommended, remedied, certified, serviced, sold, and/or supplied, in a good and proper working fashion by defendants.

WHEREFORE on Count III, plaintiff MARY COSTELLO seeks damages against all defendants, jointly and severally, for an amount in excess of Seventy-Five Dollars ($75,000), plus costs, prejudgment interest, and such other relief as this Court may deem proper.

## COUNT IV:

## LOSS OF CONSORTIUM

## GERALD COSTELLO VS. ALL DEFENDANTS

28. Plaintiffs incorporate paragraphs 1 through 27 by reference as though the same were fully set forth at length.

29. As the direct, legal, and proximate result of the injuries sustained by his wife, Plaintiff MR. COSTELLO has suffered and/or suffers and/or may continue to suffer loss of consortium with his wife MS. COSTELLO.

30. As the direct, legal, and proximate result of the injuries sustained by his wife Ms. COSTELLO,  plaintiff MR. COSTELLO has suffered and/or suffers and/or may continue to suffer the loss of his wife's companionship, nurture, comfort and society.c

31. As the direct, legal, and proximate result of the injuries sustained by his wife, MR. COSTELLO  has been and/or may continue to be deprived of his wife's earnings and/or earning capacity.

32. As the direct, legal and proximate result of the injuries sustained by his wife, plaintiff MR. COSTELLO has been and/or may continue to be compelled to expend various sums of money for medical services and other needs of his wife caused by the injuries MS. COSTELLO sustained in this accident.

WHEREFORE, on Count IV, plaintiff GERALD COSTELLO seeks damages against all defendants, jointly and severally, for an amount in excess of Seventy-Five Dollars ($75,000), plus costs, prejudgment interest, and such other relief as this Court may deem proper.

Dated: June 27, 2022

                          Respectfully Submitted,

**LAW OFFICE OF SIMON ROSEN, PLLC**

                          By
                          /Simon J. Rosen, Esq./ (#6279)
                          Attorney ID No. 38603
                          128 Greenwood Avenue
                          2nd Floor
                          Wyncote PA 19095
                          Telephone: (215)564-0212
                          Fax:       (215)893-3900
                          Email: SimonOnKey@aol.com
                          Counsel for Plaintiffs